## QUEENS COUNTY COURT.

THE VILLAGE OF JAMAICA, respondents, agt. THE LONG ISLAND RAILROAD COMPANY, appellants.

### AND THREE OTHER LIKE ACTIONS.

In the village of Jamaica, Queens county, N. Y., a village ordinance was passed in July 1868, entitled an " Ordinance in relation to manure and other offensive substances." The first section of which reads as follows :

" It shall not be lawful for any person, persons or corporations, to unload, discharge or put upon, or along the line of any railroad, street or highway, or public place within the boundaries of this village, any manure, offal or other offensive substances, from the first day of June to the first day of October, in each and every year, under the penalty of $50 for each and every offense. .Nor shall cars or flats loaded with these or similar offensive substances, be allowed to remain or stand on or along any railroad, street or highway, in this village, under a like penalty of $50 for each and every offense."

On appeal from a. judgment rendered by a police justice of the village of Jamaica, against the defendants for the penalty of $50, incurred under the last clause of section one of the ordinance above mentioned:

*Held*, 1st. That the answer of the defendants having expressly denied that they were a corporation, it was a *failure of proof* on the part of the plaintiffs in not proving the incorporation of the defendants.

2nd. That the act of the legislature, in 1866, creating the *metropolitan sanitary district and board of health* therein, which includes the towns of Jamaica, Flushing and Newtown, in the county of Queens, entirely *supersedes* the ordinance of the village of Jamaica, aforesaid, on this subject ; and not only supersedes it, but *absolutely prohibits* any action by the village under the ordinance.

And 3d. That that part of the village ordinance under which this action is brought (if operative), is so broad in its language, as to interfere with the rights and privileges conferred upon railroad corporations by the general laws of the state, and is therefore *void*.

*January Term*, 1869.

APPEAL from a judgment of police justice, in the village of Jamaica, Queens county, N. Y.

A. HAGNER, *for respondent.*
JAS. W. COVERT, *for appellant.*

JOHN J. ARMSTRONG, County Judge. These actions were brought before the police justice of the village of Jamaica,

to recover a penalty of $50, in each action for a violation of an ordinance of the village, passed July 1, 1868, entitled an "Ordinance in relation to manure and other offensive substances." The section of the ordinance under which the actions were commenced is as follows:

"Sec. 1. It shall not be lawful for any person, persons or corporations, to unload, discharge or put upon or along the line of any railroad, street or highway or public place within the boundaries of this village, any manure, offal or other offensive substances, from the first day of June to the first day of October, in each and every year, under the penalty of fifty dollars for each and every offense. Nor shall cars or flats loaded, with these or similar offensive substances, be allowed to remain or stand in or along any railroad, street or highway in this villiage under a like penalty of fifty dollars for each and every offense.

These actions are brought under the latter clause of the section. This portion of the section is not so carefully framed as it should be. It is a distinct provision from the first portion of the section, and was doubtless intended to meet a class of cases where large quantities of offensive substances would be allowed to remain upon the cars for a length of time, exposed to the weather and poisoning the atmosphere, and making it offensive as well as detrimental to the health of the neighborhood. But who is to incur the penalty?

The ordinance fails to specify, excepting in suit number one, there is no proof that the cars or flats were upon the track of the defendants. Nor is there anything to show that the cars or flats belonged to the defendants, or were allowed to remain there by the assent or permission of the defendants; and in actions 2, 3 and 4, the defendants by their answer expressly denied that they were a railroad corporation. It became and was the duty of the plaintiffs, before a recovery could be had in these actions, to prove the

NEW YORK PRACTICE REPORTS. 381

Village of Jamaica agt. Long Island Railroad Co.

incorporation of the defendants. This has not been done, and upon this vital question there is a failure of proof.

There are, however, other questions upon which the police justice erred, and for which the judgment must be reversed.

The ordinance in question is a regulation for the preservation of the health of the village, and is passed under and in pursuance of the power contained in subdivisions 9 and 28 of title 4 of the village charter.

The legislature, for reasons deemed sufficient, in 1866 created the metropolitan sanitary district and board of health therein, and in the law creating this district and board of health, deprived the village of Jamaica of the power before exercised, as well as the right to make and enforce rules and regulations with reference to the matters embraced within the ordinance under consideration. (*Laws of* 1866, *ch.* 74, § 12, *chap.* 686, § 3; *Laws of* 1867, *chap.* 956, § 6.)

The object of the act of 1866 is declared in its title to be the creation of a metropolitan sanitary district, and a board of health therein, for the preservation of life and health and to prevent the spread of disease.

The bounds of this sanitary district comprise so much of the territory of the state as now comprises the metropolitan police district of the state of New York. ,,(*ch.* 74 *of laws of* 1866, § 1.)

The towns of Jamaica, Newtown and Flushing, are within this district. By section twelve of chapter seventy-four of the laws of 1866, the authority, powers and duties, whether given by any law or by any ordinance made thereunder, for the purpose of preserving and protecting life and health or preventing disease, conferred upon or belonging to the board of health in the cities of New York or Brooklyn, " or elsewhere in said district," by this act " are *exclusively conferred* upon and shall hereafter be *exclusively exercised* by the aforesaid metropolitan board of health." It also provides that " no municipal body, or other authority in said dis-

trict, shall hereafter create or employ any officer or agent, or incur any expense under said (or other) health laws or ordinances, or in respect of any matter concerning which said board is by this act given control or jurisdiction. All of the aforesaid powers are to be possessed and exercised as fully as if herein repeated and separately conferred upon said board." This section twelve was amended by chapter 686 of the laws of 1866, in which it is declared that the powers of the metropolitan board of health shall be construed to include the ordering and enforcing in the same manner as other ordinances are provided to be enforced, "the removal of any obstruction, matter or thing, in or upon the public streets, sidewalks or places, which shall be in their opinion liable to lead to results detrimental to the public, or dangerous to life or health," and "generally the abating of nuisances;" and what is to be included in the term "nuisance," is specified by section six of chapter nine hundred and fifty-six of the laws of 1867, and this is declared to include "whatever is dangerous to human life or detrimental to health," whatever "renders the air, or human food or drink, unwholesome," and then by subsequent provisions of the act means are provided for maintaining actions in *any court* in the metropolitan sanitary district, for the abatement or remedying any of said nuisances, and by section twenty of this act of 1867, it is provided that no law heretofore enacted or hereafter to be enacted, shall be construed to repeal or modify any part or portion of the act, "or of any law relating to said board of health, or to the members of said board, their duties or powers," unless such laws shall *expressly* therein refer to and repeal or modify the same."

Thus it will be perceived that the power so conferred upon the metropolitan board of health, is a most enlarged one and exclusive in its operation. Whether it was wise or prudent to deprive the village of Jamaica of the powers that of right should belong to it and vest them in another body far removed from the village, it is not my province to deter-

mine. An application to the legislature is the only means by which the law can be changed, and the village restored to the powers and privileges it has been accustomed to exercise upon these subjects.

Again, the part of the village ordinance, under which this action is brought, is of a nature so broad in its language that it would be a question of some difficulty for a railroad company (authorized as it is by law to transport freight and passengers over their road) to pursue their business within the village of Jamaica, without incurring a penalty. The second provision of the ordinance is a prohibition against cars or flats loaded with manure, standing or remaining upon any railroad, street or highway, within the village, at any season of the year. The "standing or remaining," for a short space of time, while the freight train may be temporarily detained by an approaching passenger train, or the displacement of a rail or any other cause would, under this ordinance, subject the company so offending to the penalty. Instead of being a regulation it amounts to a prohibition and prevents the company from doing that which the legislature have given them the power to do. The authority of the trustees is limited, and their by-laws are to be reasonable (2 *Kyd on Corporations*, 107).

Whether the by-law is reasonable or not, is a question for the court. (20 *N. Y.*, 126; 3 *Pick.*, 162.)

While I am not disposed to give this portion of the ordinance any harsh or strict construction, as I might do, it being a penal ordinance, I cannot avoid the conclusion that the by-law as framed interferes with the rights and privileges conferred upon railroad corporations, by the general laws of the state, and is upon this ground void.

The judgment in each of the cases must be reversed with costs.